UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANISHA V. FARR, ET AL.,

        Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC,

        Defendant.

_____/

Case No. 16-11711

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, MOTION FOR STAY [2]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [10]; DENYING PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT [13]; DENYING PLAINTIFFS' JOINT MOTION FOR JUDGMENT [21]; GRANTING DEFENDANT'S MOTION TO DISMISS [29]**

Plaintiffs Tanisha Farr and Shamayah Yasharala, as Trustee for the Yasharala Vast Estate Aim Trust, commenced this *pro se* action on May 13, 2016, seeking to enjoin a Sheriff's Sale of property located at 15087 Sussex Street in Detroit, Michigan. Plaintiffs' complaint centers on a mortgage loan dated January 26, 2007 that is secured by the Sussex Street Property [Dkt. #10-2].

Plaintiffs' papers are difficult to understand, but essentially, they claim that Nationstar violated over 30 different laws and regulations after it refused to accept a cashier's check as payment in full of Plaintiff Farr's mortgage debt. Defendants contend that this check is fake and that Plaintiffs' arguments are grounded in frivolous theories that have been rejected by federal courts. Plaintiffs have filed a UCC lien against Nationstar and an equitable lien against the Property. Plaintiff Farr also filed a

Chapter 13 Bankruptcy Petition on May 13, 2016. The bankruptcy matter was dismissed on September 22, 2016.

The Court now finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2). For the reasons stated below, the Court will **DENY** Plaintiffs' Motion for Preliminary Injunction, Motion to Stay [2]; **DENY AS MOOT** Defendant's Motion to Dismiss [10]; **DENY** Plaintiffs' Joint Motion for Summary Judgment [13]; **DENY** Plaintiffs' Joint Motion for Judgment [21]; and **GRANT** Defendant's Motion to Dismiss [29].

### FACTUAL BACKGROUND

On January 26, 2007, Plaintiff Tanisha Farr and her husband (non-party Valerion Farr) took out a mortgage loan (consisting of an executed promissory note and mortgage) for $86,200 plus interest from the lender, Indigo Financial. [Dkt. 10-2, Pg. ID 115]. The mortgage is secured by the property and was recorded in the Wayne County Register of Deeds on February 7, 2007. Defendant Nationstar Mortgage, LLC, began servicing the loan on April 1, 2013. Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Indigo Financial, assigned the Mortgage Loan to Defendant Nationstar Mortgage, LLC, on May 10, 2016.[1]

A Warranty Deed was made and entered into on February 10, 2013 by the Plaintiffs [Dkt. #11-5]. This deed states that Ms. Farr conveyed the property at 15087

---

[1] The Corporate Assignment of Mortgage was recorded in the Wayne County Register of Deeds on May 18, 2016 (*Farr v. Nationstar Mortgage LLC*, No. 16-13206, Dkt. #4-4).

Sussex Street to Vast Estate Aim Trust for a nominal amount. Shamayah Yasharala is the Trustee of the Vast Estate Aim Trust. In July 2016, Ms. Farr completed a Property Transfer Affidavit [Dkt. #18-1, Pg. ID 331], which indicates that the property at 15087 Sussex Street was transferred to Yasharala Vast Estate Aim Trust.

Ms. Farr defaulted on her mortgage obligations and Nationstar proceeded to file a foreclosure sale by advertisement. Though Nationstar offered Ms. Farr a Loan Modification Agreement [Dkt. 29-5, Pg. ID 819], which was approved and became effective on May 28, 2014, Ms. Farr was unable to maintain her mortgage payments. Nationstar re-initiated the foreclosure process through a Fair Debt Collections Practices Act letter and Foreclosure Notice dated May 16, 2016 [No. 16-13206, Dkt. #4-6]. The foreclosure sale was set for 11 AM on June 16, 2016, but was postponed when Plaintiff filed a Chapter 13 Bankruptcy Petition on June 13, 2016.[2]

## PROCEDURAL HISTORY

Plaintiffs filed their pro se Complaint [1] and a Motion for Preliminary Injunction [2] on May 13, 2016.  On June 6, 2016, Defendant filed a Motion to Dismiss [10] and a Response to Plaintiffs' Motion for Preliminary Injunction [11]. On June 23, 2016, the Court scheduled a hearing on the pending motions for July 14, 2016.  On July 2, 2016, Plaintiffs filed a Motion for Summary Judgment [13] that also served as their response to Defendant's Motion to Dismiss. The Court cancelled the hearing to provide Defendant time to file a Reply in support of its Motion to Dismiss

---

[2] *In the matter of Tanisha Farr*, No. 16-48632-tjt (Bankr. E.D. Mi. 2016).

and/or a Response in opposition to Plaintiffs' Motion for Summary Judgment. Defendant filed a Reply regarding its Motion to Dismiss [15] on July 19, 2016 and a Response to Plaintiffs' Summary Judgment Motion [19] on August 26, 2016. Plaintiffs filed a Motion for Judgment [21] on September 20, 2016, and a Motion to Consolidate [22] and a Statement of Rebuttal to Defendant's Motion to Dismiss [23] on September 26, 2016.

On August 9, 2016, Plaintiff Farr filed a complaint and requested a preliminary injunction to stay the foreclosure proceedings for the Sussex Street property in the Third Judicial Circuit Court of Michigan in Wayne County. On September 6, 2016, Defendant filed a Notice of Removal, seeking to remove the case from Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division [No. 16-13206, Dkt. 1]. Case number 16-13206 was listed as a companion case to the current matter, and was reassigned from Judge Roberts to Judge Tarnow on September 14, 2016. [16-13206, Dkt. 6]. In an Order [Dkt. 27] issued on October 18, 2016, the Court consolidated both actions. Defendant filed a Motion to Dismiss [Dkt. 29] on October 25, 2016. Plaintiffs have not filed a Response to Defendant's Motion as required by Rule 7.1(c)(1).[3]

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[3] ECF indicates that mail sent to Plaintiffs has been returned as undeliverable. [Dkt. 31].

To survive such a motion, Plaintiff's complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). "A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal conclusions framed as factual allegations. *See Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In evaluating the sufficiency of Defendant's motion, the court "may consider the complaint along with any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the 'document is referred to in the complaint and is central to the plaintiff's claim.'" *Gardner v. Quicken Loans, Inc.*, 567 Fed. Appx. 362, 364-65 (6th Cir. 2014) (quoting *Greenberg v. Life Ins. Co. of*

*Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). Such documents include public records that are not attached to the pleadings. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

The Court also recognizes that *pro se* plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers. However, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012). The Court may dismiss a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

Plaintiffs' allegations are numerous and confusing. Their claims against Nationstar seem to boil down as follows:

1) Violation of the Truth in Lending Act, 15 U.S.C. § 1635;
2) Breach of agreement;
3) Violation of CFR § 617.7010;
4) Violation of M.C.L. 700 Estates and Protected Individuals Code;
5) Violation of M.C.L. 565.37 Alienation by Deed and the Proof and Recording of Conveyance and the Cancelling of Mortgages;
6) Violation of 12 C.F.R. 1026.39(a)(1);
7) Violations of Regulations X and Z;
8) Violations of 1963 §3 of the Michigan Constitution;
9) Violations of the National Home Owners Bill of Rights Act;
10) Violations of 26 U.S.C. § 25(c)
11) Violations of 12 U.S.C. Chapter 2
12) Violations of 28 U.S.C. § 2675, 2672; and
13) Violations of 28 CFR § 14 under the Federal Tort Claims Act.

The Court notes that many of Plaintiffs' claims mirror those set forth by the plaintiff in *Muhammad v. Wells Fargo Bank, N.A.*, No. 16-11073, 2016 U.S. Dist. LEXIS 130948 (E.D. Mich. Sept. 26, 2016) (Roberts, J.).

The basis for many of Plaintiffs' allegations is that Plaintiffs satisfied Ms. Farr's mortgage debt when they tendered a cashier's check[4] to Nationstar for $90,000.00. Nationstar states that checks like this have previously been referred to as international promissory notes ("IPNs"), and that the use of such instruments has been rejected by courts.

The Court agrees with Defendant's arguments. Plaintiffs' claims appear to be an outgrowth of the discredited Redemptionist Theory Movement. As explained by a court in the District of Connecticut,

> [T]he Redemptionist Theory . . . propounds that a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard in 1933, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.

*McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 (D. Conn. 2010) (quoting *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008)). Printed at the top of the check that Plaintiffs submitted to Nationstar are the words, "International Bank of Exchange (UNCITRAL CONVENTION)." The check also identifies the drawer and location as "private banker – accredited investeor [sic] Tanisha: Family of Farr,

---

[4] The check is referred to as Instrument No. 0104. It is attached to Plaintiffs' complaint as Exhibit F.

Detroit, Michigan Republic." (Compl. Ex. F, Pg. ID 42). In a recent Western District of Michigan case, the plaintiff alleged that the defendant, Capital One, violated state and federal law when it refused to accept a similar method of payment as satisfaction of his credit card debt. *See Marvin v. Capital One*, No. 15-1310, 2016 U.S. Dist. LEXIS 117344, at *10-11 (W.D. Mich. Aug. 16, 2016). That court held: "Plaintiff cannot pay his debt owed to Capital One by use of a purported 'international promissory note' authorized under the UNCITRAL convention because such a note is not legal tender." *Id.* at *11 (citing *In re Walters*, No. 14-10119 (SMB), 2015 Bankr. LEXIS 2077, at *3 (Bankr. S.D.N.Y. June 25, 2015); *Blocker v. U.S. Bank, N.A.*, 993 N.E.2d 1154, 1157-58 (Ind. Ct. App. 2013)).

The Court firmly agrees with this reasoning. To the extent that Plaintiffs' claims are based on the tendering of this check, and for the other reasons discussed below, the Court will **GRANT** Defendant's Motion to Dismiss.

## I.    Violation of the Truth in Lending Act, 15 U.S.C. § 1635

Plaintiffs first argue that they have not received all disclosures as required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, specifically two copies of the "Notice of Right to Cancel." They further assert that they rescinded the mortgage loan due to violations of TILA and that Defendant has failed to comply with § 1635(b) by its failure to return the previously mentioned certified check issued on behalf of Plaintiff Farr. In support of these arguments, Plaintiffs submit a Notice of Rescission sent to Nationstar on March 28, 2016 and a letter and affidavit in which Plaintiff Farr

states that her account balance should be discharged because Nationstar accepted the certified check. [Dkt. 1, Pg. ID 32-41].

Plaintiffs provide no factual allegations in support of their claims. There is no information, for example, about which notices Plaintiffs did not receive, nor are there claims about the materiality of such disclosures. Plaintiffs' right to rescind is also time barred. 15 U.S.C. § 1635(a) provides the obligor the right to rescind the transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under [title 15 U.S.C. § 1601], whichever is later." Federal regulations also state:

> If the required notice and material disclosures are not delivered, the right to rescind shall expire 3 years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

12 C.F.R. 1026.15

Plaintiffs' claims are barred because more than three years have passed since Plaintiff Farr obtained the mortgage on January 26, 2007. Additionally, Farr transferred her interest in the property to the Trust. Accordingly, Defendant's Motion to Dismiss Plaintiffs' TILA claims is **GRANTED**.

## II.    Breach of Agreement

Plaintiffs next argue that the January 2007 mortgage and loan contract "has not proven to be a valid contract." (Compl. Pg. ID 10). They also state that "the alleged

loan agreement is not fully executed" and that the "[p]roperty was never intended as a Gift to the Defendant or to any other party." *Id.*

To prove a breach of contract claim under Michigan law, Plaintiffs must show the following elements: "(1) the existence of a contract, (2) a party's breach of that contract, and (3) damages suffered as a result of that breach." *Phillips-Johnson Props. v. Studios*, No. 325570, 2016 Mich. App. LEXIS 229, at *7 (Mich. Ct. App. Feb. 9, 2016) (internal citations omitted). Plaintiffs' allegation does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiffs have not met the plausibility standard, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555). Therefore, Defendant's Motion to Dismiss the breach of agreement claim is **GRANTED**.

### III. Violations of C.F.R. § 617.7010; M.C.L. § 700, Estates and Protected Individuals Code; and M.C.L. § 565.37, Alienation by Deed and the Proof and Recording of Conveyance and the Cancelling of Mortgages

Plaintiffs allege Nationstar violated 1) C.F.R. § 617.7010, which sets forth the rights of borrowers under the Farm Credit Administration; 2) M.C.L. § 700, the Estates and Protected Individuals Code; and 3) M.C.L. §565.37, the power of attorney to convey lands and recording of revocation. These counts are the same as those used by the *Muhammad* plaintiff. *See Muhammad*, 2016 U.S. Dist. LEXIS 130948, at *4-6.

Plaintiffs argue that Plaintiff[5] waived her rights without legal representation in violation of C.F.R. §617.7010. They also claim a violation of M.C.L. § 700 because the Promissory Note was not properly assigned to a trust, the Assignee was never recorded as mandated by law, and the Defendant improperly identifies itself as Trustee for a Trust that does not buy or sell real estate backed securities. Finally, Plaintiffs contend that Plaintiff[6] revoked all Powers of Attorney and that Plaintiff was not represented by an attorney, in violation of M.C.L. § 565.37.

Aside from vague and conclusory statements, Plaintiffs have not plead "any factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs have also failed to specify the provisions of 12 C.F.R. § 617.7010 and M.C.L. § 700 which Defendants allegedly violated. "The Court cannot determine what the alleged violation is when the statute is partially identified and there are no facts except a statement that [Nationstar] obtained a waiver of rights while [Plaintiff Farr] lacked legal representation." *Muhammad*, 2016 U.S. Dist. LEXIS 130948, at *4-5.

The Court will **GRANT** Defendant's Motion to Dismiss Plaintiffs' claims under C.F.R. § 617.7010, M.C.L. § 700, and M.C.L. § 565.37.

---

[5] The Court assumes that Plaintiffs refer to Plaintiff Tanisha Farr, the mortgagor, although she is not specifically identified in this paragraph of the complaint. (Compl. ¶ 3).

[6] Again, the Court assumes that Plaintiffs refer to Plaintiff Tanisha Farr. (Compl. ¶ 5).

## IV.    Violation of Real Estate Settlement Procedures Act

Plaintiffs bring a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. They state that "Plaintiff previously requested all required Notices as part of a Qualified Written Request for Adequate Assurance of Performance" and that Defendant did not provide such information as requested. (Compl. ¶ 6, Pg. ID 11). Although Plaintiffs fail to specify exactly which provision of RESPA Defendant allegedly violated, the Court assumes that Plaintiffs refer to § 2605(e), which pertains to qualified written requests ("QWRs").

"RESPA is a consumer protection statute, which Congress passed in order to reform the real estate settlement process. The statute was intended to ensure that consumers received information about settlement costs, and to protect them from high settlement fees and the potentially abusive practices of providers." *Augenstein v. Coldwell Banker Real Estate LLC*, No. 10-191, 2011 U.S. Dist. LEXIS 97056, at *6 (S.D. Ohio, Aug. 30, 20111). Under RESPA, if a servicer of a mortgage receives a QWR relating to the servicing of a loan, it has five days in which to provide a written response acknowledging receipt of the letter. The servicer then has thirty days, excluding legal public holidays, Saturdays, and Sundays, in which to respond to the QWR. 12 U.S.C.A. §§ 2605(e)(1)(A); 2605(e)(2). In order to qualify as a QWR, the letters must contain content that:

> **(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

      **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C.A. § 2605(e)(1)(B).

      Plaintiffs have not identified any specific deficiencies and do not explain how or when they were harmed by Nationstar's alleged failure to respond. Moreover, the exhibits attached to Plaintiffs' complaint directly contradict their assertion that Defendant failed to respond to Plaintiffs' requests. For example, Plaintiffs' Exhibit E, which is a letter written to Nationstar from Plaintiff Tanisha Farr, states: "This correspondence is based upon the letter sent to TANISHA FARR dated February 8, 2016. The correspondence sent from NATIONSTAR was in attempted [sic] to answer the following questions . . ."

      The Court will **GRANT** Defendant's Motion to Dismiss Plaintiffs' claims under RESPA.

## V.    Violation of 12 C.F.R. § 1026.39(a)(1)

      Plaintiffs allege that Defendant violated 12 C.F.R. § 1026.39(a)(1), which explains the scope of the mortgage transfer disclosure requirements and defines persons covered by the regulation, because:

- Nationstar failed to notify Plaintiff of any recorded assignments;
- The Promissory Note was not properly assigned to a Trust;
- The Assignee was never recorded as mandated by law; and
- Nationstar improperly identifies itself as a Trustree for a Trust that does not buy or sell real estate backed securities.

As discussed previously, Plaintiffs have simply alleged bare conclusions of law and have not pleaded any facts tending to show that Defendant is liable for the misconduct alleged. The Court will **GRANT** Defendant's Motion to Dismiss Plaintiffs' claim under 12 C.F.R. § 1026.39(a)(1).

### VI.     Violation of Regulations X

Plaintiffs contend that 1) Defendant violated Regulation X because, notwithstanding disputes over the check that allegedly "negate[d] a loan deficiency," it proceeded with foreclosure; and 2) Defendants "would and/or will attempt to engage in deceptive practices to foreclose without attempting trial modifications." (Compl. ¶ 8, Pg. ID 11).

Regulation X (12 C.F.R. § 1024) is a collection of regulations that implements RESPA. *See Garmou v. Kondaur Capital Corp.*, No. 15-12161, 2016 U.S. Dist. LEXIS 85094, at *6 (E.D. Mich. Jun. 30, 2016) (Cleland, J.). Plaintiffs do not identify the provision of Regulation X Defendant allegedly violated. Furthermore, as mentioned above, Plaintiffs' argument that the foreclosure process should not move forward because Plaintiff Farr satisfied her debt by tendering a $90,000 check to Nationstar is meritless.

The Court further notes that pursuant to 12 U.S.C. § 2605(f)(1), equitable relief is unavailable to Plaintiffs. The statute provides that available remedies are limited to actual monetary damages, which Plaintiffs do not request.

Finally, Plaintiffs' claims are time barred. RESPA requires that "any action pursuant to the provisions of section [2605, 2607, or 2608] may be brought . . . within 3 years in the case of a violation of . . . [12 U.S.C. § 2605] and 1 year in the case of a violation of . . . [12 U.S.C. § 2607 or 2608] from the date of the occurrence of the violation . . ." 12 U.S.C. § 2614.

Defendant's Motion to Dismiss Plaintiffs' claims under Regulation X is **GRANTED**.

## VII.   Violations of Regulation Z

Plaintiffs state that Defendants "failed to provide disclosures by sending periodic statements each billing cycle that displays clear content that includes any activity of the negotiable instrument issued as check number #0104 that causes a credit or debit to the amount allegedly currently due." (Compl. ¶ 9, Pg. ID 11-12). They also complain that Defendant failed to verify "purported debt." (Compl. ¶ 9, Pg. ID 12).

The Court will **DISMISS** Plaintiff's arguments under Regulation Z, as they are based on the incorrect assumption that Instrument No. 0104 was valid payment for Plaintiff Farr's mortgage debt.

## VIII.   Count 10-13

The Court will **DISMISS** Counts 10-13 of Plaintiffs' complaint because they are largely incomprehensible and contain nothing more than conclusory threadbare allegations. Plaintiffs assert the following:

- Violations against the "CONSTITUTION OF MICHIGAN OF 1963 § 3), for the attempted forced sale of homesteads;
- Violations against the National Homeowners Bill of Rights Act
- Violations against 26 U.S.C. § 25(c)
- Violations against 12 U.S.C. Chapter 2

Again, Plaintiffs' claims are substantially similar to those asserted by the plaintiff in *Muhammad*. 2016 U.S. Dist. LEXIS 130948, at *9. Like the plaintiff in that case, Plaintiffs aver nothing more than conclusory statements. On these counts (as with several others, as previously noted), Plaintiffs' complaint is not "sufficient to cross the federal court's threshold to allege a claim." *Williams v. Mortgage Investors Corp.*, No. 12-12557, 2013 U.S. Dist. LEXIS 28251, at *2 (E.D. Mi. Mar. 1, 2013) (Hood, J.) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Plaintiffs have simply not met their obligation "to provide the grounds of [their] entitlement to relief." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

## IX.    Violations of 28 U.S.C. §§ 2675 and 2672 and 28 C.F.R. § 14

Count 14 of Plaintiffs' complaint sets forth violation of the following:

- 28 U.S.C. § 2675, Disposition by federal agency as prerequisite; evidence;
- 28 U.S.C. § 2672, Administrative adjustment of claims; and
- 28 C.F.R. § 14, Administrative claims under Federal Tort Claims Act

Plaintiffs' meritless arguments are nothing more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Such statements do not suffice to state a valid cause of action. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiffs have failed to meet the

minimum pleading standard of Federal Rule of Civil Procedure 8(a)(2), and thus, their claims on Count 14 will be **DISMISSED**.

CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction, Motion for Stay [2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [10] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Joint Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Joint Motion for Judgment [21] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [29] is **GRANTED**.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: February 2, 2017              Senior United States District Judge